416 July 8, 2026 No. 653

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

David C. HANSON,
Trustee of the Trent Family Trust,
*Plaintiff-Appellant,*

*v.*

Virginia M. ADAMS,
Earl D. Adams, Ty William Thomas Adams,
and Michael Meryle Adams,
*Defendants-Respondents.*

Douglas County Circuit Court
23CV43920; A187551

Steve H. Hoddle, Judge.

Submitted March 18, 2026.

Dan G. McKinney filed the brief for appellant.

No appearance for respondents.

Before Tookey, Presiding Judge, Jacquot, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Affirmed.

**KISTLER, S. J.**

After a bench trial, the court entered a general judgment dismissing plaintiff's claims for nuisance and an injunction. The action concerns adjoining parcels of land in Roseburg. Plaintiff is the trustee of the Trent Family Trust, which owns an approximately 19-acre parcel of land (the Trent Property). The land is unoccupied and undeveloped. Defendants own an approximately one-acre parcel of land to the south of the Trent Property (the Adams Property), and some of them live there. There is a shared private driveway on the Trent Property that defendants use to access their property, and defendants have an easement to use it. Plaintiff sued defendants to get them to clean up their property, and plaintiff claimed defendants had blocked the easement. After a bench trial, the court determined that plaintiff failed to prove his claim for nuisance and that an injunction was not appropriate. Plaintiff assigns error to those determinations.

"In reviewing a trial court's determinations following a bench trial, we review the trial court's explicit and implicit findings of fact for any evidence in the record to support them, and the legal consequences of those facts for legal error." *Pistol Resources, LLC v. McNeely*, 312 Or App 627, 629, 496 P3d 28 (2021) (internal quotation marks omitted). Reviewing the arguments and the record under that standard, we affirm.[1]

*Private Nuisance.* "A private nuisance is an unreasonable non-trespassory interference with another's private use and enjoyment of land." *Mark v. Dept. of Fish and Wildlife*, 158 Or App 355, 360, 974 P2d 716, *rev den*, 329 Or 479 (1999). For a nuisance claim to be actionable, the interference with the use and enjoyment of property must be both "substantial and unreasonable." *Smith v. Wallowa County*, 145 Or App 341, 346, 929 P2d 1100 (1996). Whether a certain use of property amounts to actionable nuisance "depends on the individual facts of a particular case." *Jewett v. Deerhorn Enterprises, Inc.*, 281 Or 469, 473, 575 P2d 164 (1978).

---

[1] At trial, defendants were self-represented. On appeal, defendants did not file a respondents' brief.

On appeal, plaintiff argues that the trial court erred in determining that he failed to prove a private nuisance because plaintiff presented evidence of defendants' violation of county code provisions, and he also presented evidence that defendants prevented plaintiff or his agents from accessing the Trent Property by blocking the easement. The evidence showed that there were some vehicles on the Adams Property that were inoperable, that some RVs on the property may have been occupied for a period of time in violation of county code provisions, and that there were old tires, trailers, scrap metal, and other waste or trash on the property. Photographs introduced at trial indicated that the Adams Property was not pleasant to look at.

However, the Trent Property was not occupied or developed. Thus, to show a substantial and unreasonable interference with the use and enjoyment of the property, plaintiff argued that defendants' conduct interfered with his ability to market or sell the property. In support of that theory, plaintiff offered testimony from a real estate expert who opined that the condition of the Adams Property was an impediment to finding a buyer for the Trent Property. In its letter opinion, the trial court explained that it did not find plaintiff's expert persuasive "based on the overall testimony, nature of the real estate market, the prior offer on the property and the uniqueness and multiple factors that went into the marketability of the product."

In our view, there was some evidence in the record to support those findings, including plaintiff's trial testimony that his efforts to build affordable housing on the Trent Property fell through in 2022 during the COVID-19 pandemic when interest rates and costs of construction began to rise, and plaintiff also testified that the property lacked a water pump station. Notably, there was no evidence or testimony from a potential buyer indicating that the buyer did not make an offer to purchase the Trent Property because of the condition of the Adams Property. Thus, it was reasonable for the trial court to conclude that multiple factors contributed to plaintiff's problems in finding a buyer. In other words, the trial court reasonably found that plaintiff had not met his burden of persuasion; he had failed to persuade

the trier of fact that he was unable to sell the Trent Property because of defendants' acts or omissions. In addition, there was evidence that, while defendants may have blocked the easement on occasion, other neighbors or squatters were also responsible for doing so. Considering that record, the trial court reasonably could determine that defendants' conduct was not the actual or legal cause of the claimed injury. *See Gronn et ux v. Rogers Construction, Inc.*, 221 Or 226, 239, 350 P2d 1086 (1960) (in a nuisance action by the owner of a mink ranch against the defendant for highway construction work, the plaintiff failed to present "sufficient evidence to show a causal connection between the alleged noise and the injury to plaintiffs' mink").

Thus, we think it was reasonable for the trial court to conclude that plaintiff failed to meet his burden of proving that defendants caused a substantial and unreasonable interference with plaintiff's use or enjoyment of the Trent Property. *Cf. Jewett*, 281 Or at 474 (the defendants purchased property in a rural residential neighborhood and then developed and operated a pig farm with its attendant high-pitched pig squeals, increased numbers of blow flies, and unpleasant odors that interfered with the neighbors' ability to enjoy their homes and yards). We therefore affirm on the first assignment of error.

*Public Nuisance.* In his second assignment of error, plaintiff argues that the trial court erred in denying his claim for public nuisance because there was evidence that defendants violated county code provisions. "A public nuisance is the invasion of a right that is common to all members of the public. Because the primary responsibility for preventing public nuisances is with the public authorities, a private action to enforce that right requires proof that the plaintiff suffered an injury distinct from the injury that the public as a whole suffered." *Mark*, 158 Or App at 360.

Here, although plaintiff did not expressly plead a claim for public nuisance, we assume without deciding that the trial court amended the pleadings to conform to the evidence presented at trial, which included evidence of county code violations. *See Krein v. Szewc*, 287 Or App 481, 487, 403 P3d 520 (2017) (explaining that "a pleading for all practical

and legal purposes is automatically amended whenever an issue not raised by the pleading is tried by consent" (internal quotation marks omitted)). Although the trial court's findings could have been more detailed, we also assume that the trial court rejected plaintiff's public nuisance theory when it disagreed with plaintiff's proposition that defendants' conduct was similar to the conduct at issue in *Mark*.[2]

Having reviewed the record, we are not persuaded that the trial court erred in rejecting plaintiff's public nuisance claim. As already explained, plaintiff failed to meet his burden of showing that he could not sell the Trent Property because of conditions on the Adams Property. Instead, there was evidence that multiple factors contributed to plaintiff's difficulty in selling the property, including rising interest rates, rising costs of construction, and the lack of a water pump station on the property. On appeal, plaintiff expressly acknowledges that "loss of property value does not fulfill the requirement of causation" in a nuisance case. Below, plaintiff argued that his damages consisted primarily of "the holding costs" during the years that he has been unable to sell the property. Whether or not plaintiff suffered an injury distinct from the injury suffered by the public at large, as required for a public nuisance claim, *Mark*, 158 Or App at 362, there was some evidence to support the trial court's determination that plaintiff failed to show that defendants' conduct was the actual or legal cause of plaintiff's inability to sell the Trent Property. We therefore affirm on the second assignment of error.

*Injunction*. Finally, in his third assignment of error, plaintiff argues that the trial court erred when it failed to impose a permanent injunction prohibiting defendants from using the easement driveway for any purpose other than ingress or egress. "[A]n injunction is an extraordinary remedy and will be granted only upon clear and convincing proof." *Jewett*, 281 Or at 473. Here, the trial court determined that defendants' blocking of the easement did

---

[2] In *Mark*, one of the leading cases in Oregon on the doctrine of public nuisance, we determined that allegations of public nudity and sexual activity on a public beach on Sauvie Island that occurred close to where the plaintiffs lived were sufficient to state claims for both private and public nuisance. 158 Or App at 361-62.

not cause plaintiff a "substantial inconvenience." There was evidence to support that determination, because there was testimony that defendants blocked it on only a few occasions and that other neighbors or squatters were also responsible for blocking the easement. Having found that plaintiff failed to prove that defendants' conduct gave rise to an actionable claim for nuisance, the trial court did not err in ruling that an injunction was not appropriate.

Affirmed.